UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE LLOYD COTTRELL, | ) 1:04-cv–05943-SMS-HC |
| | ) |
| Petitioner, | ) ORDER DIRECTING RESPONDENT TO |
| | ) FILE NO LATER THAN FOURTEEN DAYS |
| | ) AFTER SERVICE OF THIS ORDER |
| v. | ) DOCUMENTS AND INFORMATION |
| | ) CONCERNING THE RECORD |
| JEANNE S. WOODFORD, et al., | ) (Doc. 58) |
| | ) |
| Respondents. | ) |
| | ) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the parties' consent and the subsequent order of the Court filed on February 25, 2005, the matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 301. Pending before the Court is the first amended petition (FAP) for writ of habeas corpus, filed on September 26, 2007 (doc. 58).

The Court has reviewed the petition and accompanying exhibits and record.

With respect to Petitioner's second round of state habeas

1  proceedings, Petitioner filed a petition for writ of habeas
2  corpus in the California Supreme Court on May 14, 2003.  (Lodged
3  Document ("LD") 11.)  Petitioner then filed two supplements or
4  applications to supplement the petition.  (LD 12, with two stamps
5  indicating receipt August 7, 2003, and LD 13, with only one stamp
6  indicating receipt February 2, 2004.)  Although the Supreme Court
7  docket (our docket, doc. no. 17, referred to by Respondent as "LD
8  14) reflects that <u>two</u> documents were received by the Supreme
9  Court on February 2, 2004 (an application to supplement and a
10 supplement), the document labeled as LD 13 and filed by
11 Respondent as a proposed supplement contains only <u>one</u> receipt
12 stamp[1]; thus, it is not clear that Respondent has provided this
13 Court with all the documents received by the California Supreme
14 Court on February 2, 2004.  Further, the Supreme Court docket
15 (our docket, doc. 17) reflects that in addition to the documents
16 filed here by Respondent as lodged documents 12 and 13 in this
17 proceeding, further supplements were received by the California
18 Supreme Court on January 12, 2004 and January 27, 2004.  However,
19 these documents do not appear to have been provided to this Court
20 by Respondent.  It is thus not clear that Respondent has provided
21 the necessary, full record of the state court proceedings in this
22 respect.
23     Further, in the course of its answer in connection with a

---

[1] Lodged Document 13 as filed here consists of a page bearing the title "SUPPLEMENT TO AMEND PENDING HABEAS CORPUS PETITION UNDER CALIF RULES OF COURT RULE 43 & 41(a) AND MEMORANDUM OF AND AUTHORITIES IN SUPPORT THEREOF," followed by two pages of a table of contents, a document entitled "AMENDED PETITION FOR WRIT OF HABEAS CORPUS" subtitled as a supplement to amend the pending habeas corpus and consisting of fives pages, followed by another title page and two pages numbered with Roman numerals 'iii" and "iv," and then followed by pages numbered with Arabic numerals 6 through 40.

2

1  <u>Brady</u> issue, Respondent asserts that the California Supreme Court
2  failed to issue a reasoned opinion and relied on an assessment of
3  the intermediate appellate court.  (Ans., doc. 75, p. 55, lines
4  25-28 through p. 56, lines 1-4.)  Respondent represented in a
5  footnote that court records show that the California Supreme
6  Court obtained both the appeal file and the habeas corpus file
7  regarding Petitioner's case from the Court of Appeal.  (Ans.,
8  doc. 75, p. 56 n. 27.)  In support of that assertion, Respondent
9  cited "LD 14."  (<u>Id.</u>)  However, a review of LD 14, a two-page
10 document, does not reflect a docket entry concerning receipt of
11 files from the Court of Appeal.  Accordingly, the Court is
12 uninformed as to the source of Respondent's information
13 concerning inclusion of the appellate court's files in the
14 Supreme Court's record.

15      Accordingly, it is ORDERED that no later than fourteen days
16 after the date of service of this order, Respondent SHALL FILE in
17 this Court 1) documents to complete the record of the proceedings
18 before the California Supreme Court in the proceeding referred to
19 above, and 2) information and any further record required to
20 support the Respondent's assertion that in case number S115848
21 the California Supreme Court had before it the habeas and the
22 appeal files from the Court of Appeal.

24 IT IS SO ORDERED.

25 **Dated:   September 20, 2010**            /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE